1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALLAN DEMAURIA,                              No.  2:22-cv-0052 AC P

12                    Plaintiff,

13            v.                                    ORDER

14    RIO CONSUMNES CORRECTIONAL
      FACILITY,
15
                      Defendant.
16

17

18          Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

19   and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20          I.      Application to Proceed In Forma Pauperis

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                                   1

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4        II.        Statutory Screening of Prisoner Complaints

5        The court is required to screen complaints brought by prisoners seeking relief against "a

6    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

7    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

9    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

13   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

14   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

15   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

16   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

17   Franklin, 745 F.2d at 1227-28 (citations omitted).

18       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

19   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

20   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

21   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

23   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

24   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

25   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

26   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

27   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

28   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1    cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5    Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6    content that allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12       III.    Complaint

13       Plaintiff alleges that defendant Rio Cosumnes Correctional Facility violated his rights

14   under the Eighth and Fourteenth Amendment. ECF No. 1. Specifically, he alleges that the

15   facility he was housed at did not follow COVID procedures, he was exposed to the virus due to

16   negligence by the deputies, prisoners did not have access to "real masks" and were unable to

17   properly disinfect their areas every day, there was no way to quarantine inmates with COVID

18   because there were so many cases, and there was no policy related to COVID. Id. at 3.

19       IV.    Failure to State a Claim

20       While "municipalities and other local government units . . . [are] among those persons to

21   whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality

22   can be liable under § 1983 only where its policies are the 'moving force [behind] the

23   constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in

24   original) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326

25   (1981)). There must be "a direct causal link between a municipal policy or custom and the

26   alleged constitutional deprivation." Id. at 385. Plaintiff does not allege facts showing that the

27   conditions he complains of are the result of a policy or custom of the jail, rather than the conduct

28   of specific individuals, and the complaint fails to demonstrate any violation of plaintiff's rights

3

1   given the generality of the allegations and lack of explanation as to how the conditions affected

2   him personally.  Furthermore, the lack of a COVID-specific policy, absent more, does not

3   demonstrate a violation of plaintiff's rights.

4          If the conditions plaintiff complains of are the result of specific individuals rather than a

5   custom or policy of the county, those individuals must be named as defendants and plaintiff must

6   allege facts showing what each individual did or did not do that he believes violated his rights.[1]

7
8
> [T]he elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:

9
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

10
11
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

12
13
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

14
15
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

16   Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

17       V.      Leave to Amend

18          The complaint does not state any cognizable claims for relief and plaintiff will be given an

19   opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

20   he must demonstrate how the conditions about which he complains resulted in a deprivation of his

21   constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

22   allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

23

24   [1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at
     the time of his incarceration at the jail, for screening purpose, the undersigned will assume that
25   plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth
     Amendment standard.  See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020)
26   ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the
     Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth
27   Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted
     prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

28

1    Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

2    unless there is some affirmative link or connection between a defendant's actions and the claimed

3    deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

4    conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

5    Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

6         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

7    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

8    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

10   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

11   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

12   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

13   complaint, the original complaint no longer serves any function in the case.  Therefore, in an

14   amended complaint, as in an original complaint, each claim and the involvement of each

15   defendant must be sufficiently alleged.

16        VI.    Plain Language Summary of this Order for a Pro Se Litigant

17        Your request to proceed in forma pauperis is granted.  That means you do not have to pay

18   the entire filing fee now.  You will pay it over time, out of your trust account.

19        Your complaint will not be served because the facts you alleged are not enough to state a

20   claim.  You need to provide more specific information about how the conditions affected you and

21   whether the alleged violations were the result of a jail policy or the actions of individuals.

22        You may amend your complaint to try to fix these problems.  Be sure to provide facts that

23   show exactly what each defendant did to violate your rights or to cause a violation of your rights.

24        If you choose to file a first amended complaint, it must include all claims you want to

25   bring.  Once an amended complaint is filed, the court will not look at any information in the

26   original complaint.  **Any claims and information not in the first amended complaint will not**

27   **be considered.**

28   ////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2         1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

3         2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

4    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6    appropriate agency filed concurrently herewith.

7         3.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

8    U.S.C. § 1915A, and will not be served.

9         4.   Within thirty days from the date of service of this order, plaintiff may file an amended

10   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

11   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

12   number assigned this case and must be labeled "First Amended Complaint."  Failure to file an

13   amended complaint in accordance with this order will result in a recommendation that this action

14   be dismissed.

15        5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

16   form used in this district.

17   DATED: October 10, 2023

18   _____
     ALLISON CLAIRE
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28